UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTHIE O.E. HENRY,<br><br>                        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                        Defendant. | Case No. 3:15-cv-05206-RBL<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS<br><br>DKT. #13 |

THIS MATTER is before the Court on Plaintiff Henry's Motion [Dkt. #13] for review of the Social Security Commissioner's denial of her application for disability insurance benefits. Henry suffers from degenerative disc disease and headaches. *See* AR 13. She protectively filed an application for disability insurance benefits, alleging she became disabled beginning in May 2005. *See* Dkt. 7, AR 11. She later amended her alleged onset date to August 12, 2008. *See id*. That application was denied upon initial administrative review and on reconsideration. *See id*. At a hearing held before Administrative Law Judge Cynthia D. Rosa, Henry, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 34–86.

The ALJ determined Henry to be not disabled. *See* AR 11–25. The Appeals Council denied Henry's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1–6; 20 C.F.R. § 404.981. Henry seeks review of the Commissioner's final decision. *See* Dkt. 3.

ORDER - 1

Henry argues the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits, or for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating Henry's credibility; (3) in evaluating the lay witness testimony; (4) in assessing Henry's residual functional capacity ("RFC"); and (5) in finding her to be capable of performing past work. Specifically, Henry argues that the ALJ failed to give a sufficient reason to discount the opinion of treating physician Jeffrey J. Harrison, D.O., who found that Henry's impairments would cause significant absenteeism. Henry argues that the error affected the ultimate disability determination and is therefore not harmless.

The Commissioner argues that the ALJ did not err in evaluating the opinion of Dr. Harrison or the rest of the medical evidence, Henry's credibility, or the lay witness testimony, so the ALJ's RFC and step-four finding that Henry could perform past work were supported by substantial evidence. The Commissioner asks the Court to affirm the decision to deny Henry's application for benefits.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

ORDER - 2

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

## I. The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Henry argues that the ALJ erred by giving little weight to the opinion of Dr. Harrison. *See* Dkt. 13, pp. 3–9. Dr. Harrison opined that from August 2008 through March 2010, Henry would not have been able to work on a regular and sustained basis at any exertional level due to

ORDER - 4

severe malaise, fatigue, weakness associated with her heart disease, anxiety, and chronic back pain. *See* AR 1562. He opined that she would have been absent two or more days of work per month at even a sedentary level. *See* AR 1563. The ALJ gave Dr. Harrison's opinion little weight because it was inconsistent with Dr. Harrison's own observations and because it was inconsistent with the overall medical evidence in the record. *See* AR 23.

An ALJ need not accept the opinion of a treating physician if it is inadequately supported by his own clinical findings and observations. *See Batson*, 359 F.3d at 1195. Here, the ALJ noted that Dr. Harrison only examined Henry twice during the period of alleged disability and that she appeared well at those visits and did not discuss fatigue. *See* AR 23. The ALJ also noted that Henry complained only of occasional shortness of breath and had a regular heart rhythm at an appointment in November 2008. *See* AR 23. Finally, the ALJ noted that Henry reported that medications were working well for her headaches at an appointment in November 2009. *See* AR 23.

On the whole, however, substantial evidence does not support the ALJ's characterization of selected clinical observations by Dr. Harrison as inconsistent with his ultimate opinion that the combination of all of plaintiff's impairments would have caused her to be absent from work two or more days per month. Dr. Harrison had a treating relationship with Henry that extended before and after the alleged disability period, including a visit just four days before the alleged onset date at which Dr. Harrison diagnosed her with malaise and fatigue, observing that she appeared tired and had an abnormal electrocardiogram. *See* AR 1093–94. At the November 2008 appointment, Henry was presenting primarily for an upper respiratory infection. *See* AR 1569. While Dr. Harrison treated that infection, he still observed that she likely had underlying emphysematous changes from her heart condition. *See id*. Henry's report that her symptoms

ORDER - 5

improved with medication also does not necessarily contradict Dr. Harrison's ultimate opinion of her functional capabilities, even with the reported improvement.

An ALJ also need not accept the opinion of a treating physician if that opinion is inadequately supported by the overall medical evidence. *See Batson*, 359 F.3d at 1195. However, an ALJ may not "cherry pick" from the record to support a conclusion, isolating pieces of evidence without taking into account the record as a whole. *See Reddick*, 157 F.3d at 722–23; *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998).

Here, the ALJ cited a few pieces of the medical record to support her conclusion that Dr. Harrison's opinion was inconsistent with the overall medical evidence. *See* AR 23. The ALJ noted that Henry denied shortness of breath and was found on single instances to have clear lungs, regular heart rate, normal strength, and stable condition. *See id*. However, those pieces of evidence are countered by findings of pulmonary hypertension, stenosis, and a pseudoaneurysm in the artery, as well as diagnoses of coronary artery disease, chronic headaches, degenerative disc disease, diabetes, and anxiety disorder, all within the period of alleged disability. *See* AR 923, 946, 973, 1016, 1065, 1121, 1400, 1434. Substantial evidence does not support the ALJ's characterization of the overall medical record as inconsistent with treating physician Dr. Harrison's opinion that all of Henry's impairments combined to make her unable to complete a normal month of work without absences. Therefore, the ALJ erred by providing no specific and legitimate reason for discounting Dr. Harrison's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters

ORDER - 6

the outcome of the case." *Id.* The the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Dr. Harrison, the RFC could have included additional limitations regarding Henry's ability to maintain regular attendance. Instead, the ALJ posed hypothetical questions to the vocational expert about Henry's ability to perform past work that contained no allowance for absenteeism. *See* AR 76–77. Based on the vocational expert's answers to those questions, the ALJ found Henry could perform past work. *See* AR 24–25. The vocational expert later testified that those jobs would not tolerate significant absenteeism. *See* AR 85. As the ALJ's ultimate determination regarding disability was based on the testimony of a vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**II.   The ALJ's Assessment of Plaintiff's Residual Functional Capacity**

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step

ORDER - 7

four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work that the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that Henry had the RFC to perform:

> **light work as defined in 20 CFR 404.1567(b) in that, she was able to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for about 6 hours in an 8-hour workday, and stand/walk for about 6 hours in an 8-hour workday. She could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She could occasionally reach overhead with the right upper extremity. She could perform work that did not require exposure to vibrations or hazards[.]**

AR 18 (emphasis in original). Because the ALJ erred in evaluating the opinion of Dr. Harrison, the ALJ's RFC assessment does not necessarily completely and accurately describe all of Henry's capabilities. Accordingly, here too, the ALJ erred.

**III.   The ALJ's Step Four Determination**

The claimant has the burden at step four of the disability evaluation process to show that he or she is unable to return to his or her past relevant work. *See Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

ORDER - 8

Based on the testimony of a vocational expert, the ALJ found Henry capable of performing past relevant work. *See* AR 24–25. Again, however, because the ALJ erred in evaluating the opinion of Dr. Harrison and thus in assessing plaintiff's RFC, the hypothetical question presented at the hearing did not completely and accurately describe all of Henry's capabilities. Therefore, the ALJ's step-four determination is not supported by substantial evidence and is in error.

**IV.     This Matter Should Be Remanded for Further Administrative Proceedings**

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Issues remain regarding conflicts in the medical evidence, Henry's functional capabilities, and her ability to perform past relevant work or other jobs existing in significant numbers in the national economy despite additional limitations. Remand for further consideration is warranted.

////

////

////

////

////

ORDER - 9

**CONCLUSION**

The Court finds that the ALJ improperly concluded Henry is not disabled. Defendant's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings.

DATED this 7th day of April, 2016.

_____
Ronald B. Leighton
United States District Judge