UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTHIE O.E. HENRY,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:15-cv-05206-RBL<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES |

THIS MATTER is before the Court on Plaintiff Henry's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Dkt. 27. The Commissioner argues that her position was substantially justified and that the amount of Henry's requested fees is unreasonable under the particular facts of this case. *See* Dkt. 30. The Court disagrees and GRANTS plaintiff's motion for statutory fees.

**PROCEDURAL HISTORY**

On April 7, 2016, this Court issued an order reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 24. The Court found that (1) the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Jeffrey J.

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

Harrison, D.O., and (2) the error was harmful because the resulting residual functional capacity and step-four finding were not supported by substantial evidence. *See id*., pp. 4-9. The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id*., p. 10.

## DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining the issue of substantial justification, the court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).

Plaintiff was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 24. The ALJ's failure to provide a sufficient reason to discount Harrison's opinion led to the remand. *See id*., p. 9.

### I.    Substantial Justification

The Commissioner argues that her position that the ALJ provided a sufficient reason to discount Harrison's opinion was substantially justified. *See* Dkt. 30. The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). In addition, a "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 2

F.2d 329, 334 (9th Cir. 1988) (citing *Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). However, a determination by the Court that the administrative decision was not supported by substantial evidence is a "strong indication" that the Commissioner's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Only in the "decidedly unusual case" will the Commissioner's position be found to have substantial justification under the EAJA even though the administrative decision was reversed for lacking substantial evidence in the record. *See Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002).

Here, the Commissioner simply reiterates her position from the original litigation, arguing that the ALJ reasonably found Harrison's opinion to be inconsistent with the overall medical record. *See* Dkt. 30, p. 4. The Court found this reason for discounting Harrison's opinion to be unsupported by substantial evidence. *See* Dkt. 24, p. 6. The Court found that the ALJ was improperly cherry picking evidence, where the medical record was in fact full of findings that were consistent with and supported Harrison's opinion. *See id*.

Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Having found that the ALJ's reasons did not meet the substantial evidence standard, the Court now finds no reason that this is the rare case in which the Commissioner's position was otherwise substantially justified. The Court also concludes that there are no special circumstances that render an EAJA award in this matter unjust. Accordingly, the Court will award plaintiff attorney's fees under the EAJA.

## II.     Reasonableness of the Fees

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended."

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 3

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See id*. at 433, 436-37.

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. at 433.

Here, Henry prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See id*. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, [her] attorney should recover a fully compensatory fee." *Id*.

The Court concludes based on a review of the relevant evidence that Henry here obtained excellent results. The Court then looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompass the lodestar. *See id*. Henry requests attorney's fees in the amount of $9,443.44, representing 51.1 hours of work. *See* Dkt. 27-3, p. 2. The Commissioner argues that the amount requested is unreasonable. *See* Dkt. 30, p. 6. However, the only reason the Commissioner provides is that the reply brief consisted of repurposed arguments from the opening brief. *See id*. This argument is not persuasive, as Henry directly responded in the reply brief to several of the Commissioner's arguments from the responsive brief. *See, generally*, Dkt. 23. The Court also finds that the total amount of hours expended is not unreasonable in this case, in which the Court ordered that

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 4

Henry had good cause to file over-length briefs. *See* Dkt. 12. Therefore, the Court finds reasonable the request for attorney's fees in the amount of $9,443.44 and expenses in the amount of $7.77.

**CONCLUSION**

Henry is awarded $9.443.44 in attorney's fees and $7.77 in expenses pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id*. at 2528. The check for EAJA fees shall be mailed to plaintiff's counsel: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

DATED this 19th day of July, 2016.

*[signature]*

Ronald B. Leighton
United States District Judge